UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANH HUAN TRAN,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al,<br>Respondents. | Case No. 2:26-cv-02905-TLF<br><br>ORDER GRANTING HABEAS PETITION IN PART |

Petitioner Canh Huan Tran is currently detained by the U.S. Immigrations and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkt. 1, Habeas Corpus Petition at 6; Dkt. 6, Return Memorandum at 3.

He petitions for a writ of habeas corpus under 8 U.S.C. § 2241. Dkt. 1, Dkt. 8. He argues he is entitled to release under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *E.g.*, Dkt. 1 at 8, 11. Respondents argue the petition should be denied, or alternatively that petitioner should receive a post-deprivation hearing. *E.g.*, Dkt. 5 at 5, 8, 11-12. Respondents cite petitioner's arrest by police for a gross misdemeanor. *Id.* (government response brief) (citing Dkt. 7-3 (I-213 Form)). Mr. Tran filed a reply/traverse. Dkt. 8.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 3. For the reasons below, the Court **GRANTS** the petition **IN PART**. Respondents shall provide petitioner a post-deprivation bond hearing before an Immigration Judge ("IJ") **within 10 calendar days** of the filing of this Order.

## I. BACKGROUND

Petitioner is a native and citizen of Vietnam. Dkt. 1 at 1; Dkt. 6 at 2. On March 9, 2024, he entered the United States and was apprehended. Dkt. 1 at 6; Dkt. 6 at 2. Two days later, respondents released petitioner under an Order of Release on Recognizance ("OREC"). Dkt. 1 at 6; Dkt. 6 at 2; Dkt. 7-2 (OREC). The OREC states petitioner "must not violate any local, State, or Federal laws or ordinances." while released. Dkt. 7-2 at 2.

Respondents' I-213 form states police found petitioner on July 19, 2025, at approximately 2:00 a.m. in the driver's seat of a running, parked vehicle, that his speech was slurred, that he provided a preliminary breath test sample of 0.198, and that he failed to complete field sobriety tests with interpreter assistance. Dkt. 7-3, Form I-213 dated July 17, 2026, at 3. The Form I-213 states that petitioner was arrested by the Burien Police Department on suspicion of violating RCW 46.61.504, and he was released on his own recognizance. *Id.* The Form I-213 also states that ICE later discovered the arrest through "routine system checks". *Id.*

Being in physical control of a motor vehicle while under the influence is a lesser offense of driving under the influence; the elements of these offenses overlap, the only additional element of driving under the influence is that the vehicle is in motion. *State v. Nguyen,* 165 Wn.2d 428, 435-36 (2008). According to RCW 46.61.504 (5), the

classification for the crime of physical control of vehicle while under the influence is a gross misdemeanor, and the maximum custodial sentence for a person convicted of this offense is up to 364 days in jail. RCW 9A.20.021(2). Petitioner states "[n]o disposition has been reached in this charge." Dkt. 1 at 6.

Approximately one year after this arrest, on July 17, 2026, respondents re-detained petitioner when he attended an appointment that was required under his OREC. Dkt. 1 at 6-7; Dkt. 6 at 2-3. Petitioner claims respondents provided him various documents, including an I-213 Form and his OREC paperwork, and that respondents informed him his release was being revoked. Dkt. 1 at 7. Respondents state they utilized a telephonic Vietnamese interpreter during the re-detention (Dkt. 5 at 4; Dkt. 7-3 at 4), but petitioner claims the "documents were never explained in Vietnamese, and the arresting officers relied on a phone translation app rather than formal interpretation services." Dkt. 1 at 7. Petitioner was ultimately transferred to NWIPC. Dkt. 1 at 6; Dkt. 6 at 3.

Petitioner claims, and respondents do not directly dispute, that petitioner did not receive a hearing before an IJ or another neutral decisionmaker to assess his re-detention or whether he presented a flight risk or danger to the community. Dkt. 1 at 7.

## II. DISCUSSION

### A. Detention Authority

Respondents first argue petitioner is mandatorily detained under 8 U.S.C. § 1225(b) and not 8 U.S.C. § 1226(a). *E.g.*, Dkt. 5 at 2-4.

Yet, respondents acknowledge, "courts in this District have found noncitizens released on OREC to be detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. §

1225(b).” Dkt. 5 at 4. Here, it is undisputed petitioner was released under an OREC. Dkt. 7-2.

Petitioner’s March 2024 Notice to Appear also declines to designate him as an “arriving alien,” instead stating he is a noncitizen “present in the United States who has not been admitted or paroled.” Dkt. 7-1 at 2; *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) (“Notably, the issuing officer explicitly declined to designate Petitioner as an ‘arriving alien,’ . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.”).

Persons detained under § 1225 may only be released for “urgent humanitarian reasons or significant public benefit.” 8 U.S.C. § 1182(d)(5)(A). Here, nothing suggests petitioner was released on humanitarian parole under § 1182(d)(5)(A).

The Court thus finds petitioner is detained under 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b).

**B. Due Process Claim**

Petitioner asserts a due process violation, under the factors of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Dkt. 1 at 8-11. The Court adopts the reasoning from *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), to assess petitioner's claim under the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) respondents’ interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

**i. Private Interest**

The first *Mathews* factor weighs in petitioner's favor. As the Court has previously held, individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Here, it is undisputed respondents released petitioner under an OREC in March 2024, over two years before he was re-arrested and re-detained in July 2026. Dkt. 7-2. The Court thus finds petitioner was deprived of an established liberty interest. *See E.A. T.-B.*, 795 F. Supp. 3d at 1321-22.

Yet petitioner was arrested by police on suspicion of violating RCW 46.61.504. The circumstances of the arrest are recounted in respondents' I-213 Form. Dkt. 1 at 6; Dkt. 7-2.

Although this factor weighs in petitioner's favor, it is not as strong as it would be for an individual without any indication of a material change in circumstance, especially as may be relevant to the assessment of dangerousness or flight risk. *See, e.g.*, *Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591, at *8-*9 (W.D. Wash. Feb. 23, 2026) (addressing a petitioner with a pending assault charge); *see also Singh Sandhu v. Noem*, No. 2:26-cv-00465-TLF, 2026 WL 607701, at *2-*3 (W.D. Wash. Mar. 4, 2026) (addressing a petitioner with a pending reckless driving charge).

**Risk of Erroneous Deprivation**

The second *Mathews* factor weighs in petitioner's favor. This is so even if petitioner's arrest by police constitutes a material change in his circumstances after his initial release. Petitioner did not receive a meaningful opportunity to be heard before a neutral decisionmaker regarding his re-detention or whether he presents a flight risk or danger to the community. *See generally* Dkts. 5-6. And petitioner claims the documents presented at his re-detention were not sufficiently explained to him in Vietnamese. Dkt. 1 at 2-3; *but see* Dkt. 5 at 5. Given the above and petitioner's liberty interest created by his conditional release, the risk of an erroneous deprivation in the absence of a hearing remains high.

**ii. Government Interest**

The third *Mathews* factor weighs in petitioner's favor. "[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 518 (2003)). Even so, the costs of providing petitioner a hearing before an IJ are minimal when weighed against the liberty interests at stake. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

**C. Remedy**

A post-deprivation remedy is appropriate based on the specific circumstances here. Considering petitioner's arrest by police about one year ago on a gross misdemeanor, "there may still be evidence that would meet the clear and convincing

standard to establish that petitioner is a danger to the community" even without formal criminal charges. *Singh v. Noem*, No. 2:26-cv-00402-TLF, 2026 WL 696835, at *7 (W.D. Wash. Mar. 12, 2026) (citing *Vizhco Chunchi v. Francis*, No. 25-cv-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. January 30, 2026)).

The hearing must be held before an IJ within 10 calendar days of this Order's filing date. *See Orozco Valle v. Scott*, No. 2:25-cv-02429-TLF, at *9-*11 (W.D. Wash. Jan. 5, 2026). If the IJ grants a continuance for good cause, that deadline may be extended.

Petitioner also seeks permanent injunctive relief against any potential future re-detention. *E.g.*, Dkt. 1 at 12-13. However, petitioner did not sufficiently argue the requirements for injunctive relief set out in *Winter v. Natural Resources Def. Council Inc.*, 555 U.S. 7 (2000). And the Court declines to enjoin any future re-detention, under the reasoning of *Saadhom v. Bondi*, 829 F. Supp. 3d 907, 922-23 (W.D. Wash. 2026).

## III. CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus **IN PART** and **ORDERS:**

**1)** Respondents shall provide petitioner a post-deprivation bond hearing before an Immigration Judge **within 10 calendar days** of the filing of this Order.

- At this hearing, respondents shall bear the burden of proving by clear and convincing evidence that petitioner is either a flight risk or a danger to the community and must create a contemporaneous recording of the hearing by audio recording or by transcript, in line with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**2)** If petitioner is released under the above, respondents shall impose the same conditions petitioner was subject to prior to his re-detention.

- Accordingly, respondents shall not seek to impose GPS monitoring or similar forms of tracking without sufficient evidence petitioner is a flight risk or danger to the community. *See Palacio v. Hermosillo*, No. C25-1983-RSM-MLP, 2025 WL 4033287, at *3 (W.D. Wash. Dec. 22, 2025), report and recommendation adopted sub nom. *Quiva Palacio v. Wamsley*, No. C25-1983-RSM-MLP, 2026 WL 84930 (W.D. Wash. Jan. 12, 2026).
- Upon release, respondents shall also return to petitioner any personal property, including personal identification documents and employment authorization documents.

**3)** The parties shall file a joint status report **on or before September 30, 2026** confirming that petitioner received a hearing before an Immigration Judge, or confirming the date set for a hearing if it has been continued for good cause, and whether petitioner was released. If the hearing is continued for good cause, the government must file a certification when the hearing has been completed, to confirm whether petitioner was released or detained.

**4)** The Court will consider any post-judgment motion for attorney's fees as requested in the petition.

Dated this 8th day of September, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge