UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANH HUAN TRAN,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al,<br>Respondents. | Case No. 2:26-cv-02905-TLF<br><br>ORDER DENYING RECONSIDERATION |

Petitioner moves for reconsideration under LCR 7(h) of the Court's Order (Dkt. 9) granting his habeas petition in part and ordering a post-deprivation hearing. Dkt. 11.

Petitioner's initial habeas petition, filed on August 14, 2026, asserted that "[n]o disposition has been reached in this charge" regarding his July 2025 arrest by Burien police on suspicion of violating RCW 46.61.504. Dkt. 1 at 6.

Petitioner's Motion asserts new evidence showing the proceedings following his arrest by Burien police were dismissed. *E.g.*, Dkt. 11 at 7-8; *see also* Dkt. 11-4 (a King County "Register of Actions" with a "Case Disposed" entry on July 21, 2025); *see also* Dkt. 11-5 (a Washington State Department of Licensing letter and order, dated May 27,

2026, reversing restrictions on petitioner's license). Petitioner's motion was timely filed within fourteen days of the Court's Order, under LCR 7(h)(2).

Under LCR 7(h)(1), this Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The Court denies the motion to reconsider. This evidence, even assuming for purposes of analysis that it can be characterized as "new", would not have changed this Court's decision supporting a post-deprivation remedy.

The existence of a pending charge was discussed in the Court's *Mathews* analysis; but the circumstances of petitioner's arrest by Burien police – even if no charge had ever been filed, or even if the charge was later dismissed -- was a sufficient basis for the remedy of a post-deprivation hearing rather than a pre-deprivation hearing. Dkt. 9; *see also Chen v. Hernandez*, No. 2:26-cv-02053-TLF, 2026 WL 2186142, at *3-*4 (W.D. Wash. Jul. 29, 2026) (citing *Singh v. Noem*, No. 2:26-cv-00402-TLF, 2026 WL 696835, at *5-*7 (W.D. Wash. Mar. 12, 2026)).

The Court thus **DENIES** petitioner's Motion (Dkt. 11) to the extent it seeks reconsideration of the Court's previous Order (Dkt. 9).

The alternative relief sought by petitioner in the Motion to Enforce, which challenges the procedures and result of the post-deprivation hearing, should be filed separately as a distinct habeas corpus proceeding, and the Court discusses this in a different Order.

Dated this 22nd day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge